Waldo CLARK, Sinclair Refining Company, a Maine corporation, and Zurich Insurance Company, a Swiss corporation, Plaintiffs-Appellants,

v.

The TRAVELERS INDEMNITY COMPANY, a Connecticut corporation, and The Rogers Cartage Company, an Illinois corporation, Defendants-Appellees.

No. 14321.

United States Court of Appeals Seventh Circuit.

March 4, 1964.

George B. Gavit and R. Stanley Lawton, Indianapolis, Ind., Ice, Miller, Donadio & Ryan, Indianapolis, Ind., of counsel, for appellants.

Hugh E. Reynolds, Jr., Indianapolis, Ind., Richard E. Mueller, Chicago, Ill., for appellee.

Before SCHNACKENBERG, CASTLE and KILEY, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Waldo Clark, Sinclair Refining Compa. ney, a Maine corporation, and Zurich Insurance Company, a Swiss corporation, plaintiffs, have appealed from a judgment for The Travelers Indemnity [1] Company, a Connecticut corporation, and The Rogers Cartage Company, an Illinois corporation, defendants, with costs assessed against plaintiffs, entered by the district court on May 23, 1963.

On January 3, 1963, this court disposed of an appeal involving the same case, 7 Cir., 313 F.2d 160, by reversing a judgment in favor of Zurich and against Travelers. We held, at 166 of 313 F.2d, that there was no proof that the loading of the Rogers vehicle was the efficient and predominating cause of an explosion which resulted in the damages upon which the judgment of the district court rested. We cited General Accident Fire and Life Assurance Corp. v. Brown, 35 Ill.App.2d 43, 181 N.E.2d 191 (1962), which we stated we could not ignore. Significantly, we added, at 166 of 313 F.2d, "Moreover, if it were a matter of first impression, we would reach the same result."

There was no remandment of the case to the district court. Our mandate issued accordingly. It was sent to the district court with a direction to that court to award execution for the costs taxed in this court, pursuant to our rule 27(b).

Thereafter plaintiffs filed a motion to set the case for further trial, but the district court denied the motion and entered a judgment for defendants in conformity with our holding, and that they recover their costs from plaintiffs.

It is the contention of plaintiffs that "they are entitled to have a further trial

1. Evidently as an inadvertence the district court referred to the Travelers *Insurance* Company.

with an opportunity to present evidence to meet the new test of causation adopted subsequent to the original trial; and with an opportunity to present further evidence on those findings on which the Trial Court and the Appellate Court disagree". They rest their position upon the following reasoning: "A litigant is entitled to have a further trial where the Appellate Court's reversal was premised upon a factual disagreement with the Trial Court and upon adoption of a legal test that was not announced until after the original trial."

1. This court's position that a remandment to the district court would not be made was made known to plaintiffs' counsel when we issued our mandate which did not call for remandment. This occurred after we had considered plaintiffs' petition for rehearing in which they made the argument, under the heading "V. The Form of Mandate", that they should have an opportunity to meet tests applied or created subsequent to the original trial, and that to do otherwise would be to deprive them of their property without due process of law and a contravention of the constitution. They specifically asked for remandment for the purpose, *inter alia*, of hearing additional evidence.

We not only denied the petition for rehearing but incidentally rejected the suggestion of remandment for the reason urged. They did not apply to the United States Supreme Court to review our action, which became the law of the case. Instead they re-entered the district court and attempted to secure a hearing as if on remandment. Being unsuccessful, they are in this court again on the present appeal.

2. Plaintiffs are not entitled to either piecemeal or repeated appeals. The district court accorded the parties a proper treatment of the case when the mandate of this court was presented to it. It conformed its judgment to our holding and made provision for the collection of costs taxable in this court against plaintiffs as well as the costs taxed in the district court. The district court performed its duty properly and plaintiffs were not entitled to more.

The judgment of the district court from which this appeal has been taken is affirmed.

Affirmed.