**BITUMINOUS CASUALTY CORPORA-TION, an Illinois Corporation, Plaintiff-Appellant,**

v.

**HARTFORD ACCIDENT AND INDEM-NITY COMPANY, a Foreign Corporation, Defendant-Appellee.**

No. 14390.

United States Court of Appeals Seventh Circuit.

April 9, 1964.

Thomas B. Kennedy, Jr., and McConnell, Kennedy, McConnell & Morris, Peoria, Ill., for appellant.

John E. Cassidy, Jr., and Cassidy & Cassidy, Peoria, Ill., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

DUFFY, Circuit Judge.

In this suit, Bituminous Casualty Corporation (Bituminous) seeks a judgment that Hartford Accident and Indemnity Company (Hartford) is liable on its policy of insurance which it issued to Harold Bohm for sums which Bituminous

paid out in settlement of a lawsuit brought by one Roger Long against plaintiff's insured, William H. Edwards.

Plaintiff Bituminous was liability insurer for premises used in part by William H. Edwards for the storage and sale of chemical commercial fertilizers. One of the buildings was used to store such fertilizer, and located in the floor of that building was an auger-type loading mechanism.

Defendant Hartford was an insurer of Harold Bohm, insuring Bohm against liability for damages arising out of the operation and use of a truck owned by Bohm. Under the policy, the term "insured" included any person while using the motor vehicle. Also, the policy provided that the use of the motor vehicle included the loading and unloading thereof.

On January 3, 1958, the Bohm truck was on the Edwards premises to be loaded with fertilizer. The auger device was activated so as to force fertilizer from the building where it was stored and, by means of an additional device, into the Bohm truck.

Roger Long was a "visitor" upon the Edwards premises. For some reason, Long went inside of the fertilizer shed, apparently fell, and caught his leg in the moving auger. He was seriously injured losing a part of one leg by amputation. Long filed suit against Edwards which Hartford, on demand, refused to defend.

Bituminous claims that Edwards was an additional insured of Hartford; that plaintiff settled the lawsuit against Edwards, and that plaintiff is entitled to recover from Hartford the sum of $10,600, being the aggregate of the settlement payment to Long, plus $1,000 expended as costs and attorney fees in the suit of Long v. Edwards.

Just what is included within an automobile insurance policy phrase "loading and unloading" of a motor vehicle, under Illinois law, has been a troublesome question. Among the cases where this point has been considered by this Court are—Liberty Mutual Ins. Co. v. Hartford Accident & Ind. Co., 7 Cir., 251 F.2d 761; George H. Wolff Sons, Inc. v. Aetna Casualty & Surety Co., 286 F.2d 862; Pavlik v. St. Paul Mercury Insurance Company, 7 Cir., 291 F.2d 124; Hartford Accident & Ind. Co. v. Fireman's Fund Ind. Co., 7 Cir., 298 F.2d 423; and Clark v. Travelers Indemnity Co., 7 Cir., 313 F.2d 160.

We think our decision in Clark v. Travelers Indemnity Co., supra, is controlling. True, Hartford attempts to distinguish Clark principally on the ground that in the case at bar, Bohm's truck was not merely present, but was, in fact, in the process of being loaded. However, we think Clark cannot be thus distinguished.

The courts of the various states have given differing interpretations of the "loading and unloading" clause in automobile insurance policies. However, it should be kept in mind that the clause is a part of the insurance policy provision "arising out of the * * * use of the automobile."

An attempt was made to state a rule that would be of general application in the annotation at 160 A.L.R. 1259, 1272, where it stated: "According to all the cases discussing this question, the general rule seems to be that an accident is covered by the 'loading and unloading' clause only if the loading or unloading was the efficient and predominating cause of the accident."

In determining the applicable Illinois rule in Clark, we relied upon General Accident Fire & Life Assur. Corp. v. Brown, 35 Ill.App.2d 43, 181 N.E.2d 191.

In the Brown case, Blakesley, an employee of Brown Bros., was carrying two lamps and was stepping from Libby Furniture & Appliance Company's dock to the truck owned by Brown Bros. when he fell and injured his leg. The court found that Libby was using Brown Bros.' truck in the sense that it was being loaded, but the court pointed out that there must be something more before Libby could invoke the benefit of Brown

Bros.' insurance policy. The Illinois court said, 181 N.E.2d at page 194:

" * * * There must be, as contended by defendant, a causal connection between the use of the truck and the injury. Although a number of the cases similar to ours do not contain a discussion of this essential factor, the ones involving a close question of causation point out that the loading and unloading clause, being merely an extension of the 'use' of the vehicle which is covered by the policy, does not invoke the coverage of the policy unless there is the same degree of causal connection between the loading or unloading and the accident as would be required between the actual driving or use of the vehicle itself and a resulting accident. * * * Thus, unless we can determine that the loading of the truck was the efficient and predominating cause of Blakesley's injury, the matter will not come within the terms of Employers' automobile policy."

 In Clark, we stated, 313 F.2d at page 165: "This 'efficient and predominating cause' rule is, we think, an allowable construction of the policy. There is no contention and no basis for an inference that either Rogers' truck or its driver contributed in any manner or form to the explosion." Likewise, in the case at bar, there is no contention that Bohm or the driver of his truck contributed to the accident which occurred inside the building where the fertilizer was stored.

We further stated in Clark, 313 F.2d at page 166: " * * * The decision in Brown is by the highest Illinois Court to have considered the issue and we think it cannot be ignored. Moreover, if it were a matter of first impression, we would reach the same result."

Our decision in Clark was rendered slightly more than one year ago. From the date of that decision to the present, we know of no decision by the Illinois Supreme Court or of an Illinois court of appeals which has repudiated General

Accident Fire & Life Assur. Corp. v. Brown, supra. We follow the decision of this Court in the Clark case. Applying the rules of that case to the facts in the case at bar, the judgment of the District Court is

Affirmed.