AMERICAN STATES INSURANCE COMPANY, an Indiana Corporation, Plaintiff,

v.

BYERLY AVIATION, INC., N 2131 U, Inc., F. C. McLaughlin, Jean McLaughlin, Robert Tudor, Debra L. Martin, Administrator of the Estate of Kedric Martin, Richard Wilkinson, Michael Nichols, Michael Schlerich, Robert Knight and Carol Magnuson, Administrator of the Estate of Dale Magnuson, Deceased, Defendants.

No. 78–1115.

United States District Court, S. D. Illinois, N. D.

Sept. 7, 1978.

Don W. Fowler, Lord, Bissell & Brook, Chicago, Ill., R. Michael Henderson, Peoria, Ill., for plaintiff.

Frederick W. Allen, William L. Blake, William J. Voelker, Jr., Peoria, Ill., David L. Drake, Springfield, Ill., for defendants.

## DECISION AND ORDER ON MOTIONS FOR JUDGMENT ON PLEADINGS

ROBERT D. MORGAN, Chief Judge.

Plaintiff (American States) seeks a declaratory judgment that its aircraft liability policy number CA–F–0132 does not cover

liability arising out of a helicopter crash which occurred on April 2, 1977, in which the Martin and Magnuson decedents were killed. Martin was instructing Magnuson on a teaching flight when the rotor broke or became detached, causing the crash and deaths. The Magnuson administrator has sued Byerly Aviation, Inc. (Byerly) and N 2131 U, Inc., in state court, for wrongful death. Both are named insureds in the policy, as are the other named defendants, including Martin. Plaintiff has undertaken the defense of the Magnuson suit under a claimed reservation of rights.

The Aircraft Hull and Liability Policy involved obligated American States, under Coverage C of the Insuring Agreements,

"[t]o pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, including death, at any time resulting therefrom, sustained by any passenger, caused by an occurrence and arising out of the ownership, maintenance or use of the aircraft."

The insuring agreement was made subject to certain exclusions and conditions named in the policy. Exclusion No. 6 provides:

"This policy does not apply: * * * 6. Under coverages A, B, C, D, E and F, while the aircraft is in flight and * * (c) operated by any pilot other than as specified in the declarations * * * ."

The policy declarations recite in relevant part:

"Pilots: It is a condition precedent hereto that all 'flight' coverage provided by this policy applies only while the aircraft is being operated by the following specified pilot(s) * * * See Endorsement No. 2."

Endorsement No. 2 simply lists the names of two pilots, neither of whom was Kedric Martin.

Plaintiff's position is quite simple. The policy by its terms does not cover any flights except those in which one of the two named pilots is operating the helicopter. Because the aircraft was not operated by either of the specified pilots on this flight, there is no coverage for this crash.

All defendants on whom service has been sought have now answered and have moved for judgment on the pleadings.[1] There are four such motions pending, filed respectively by Byerly, by each of the two administrators and by the remaining defendants as a group. The general issues presented for decision are (1) whether the policy furnishes coverage to one or more of the defendants under the facts of this case, and (2) whether American States owes a duty to defend Byerly and N 2131 U, Inc. in the Magnuson suit. Resolution of the second issue must follow *a fortiori* from the resolution of the first.

It seems clear, and all parties have agreed, that the construction of the policy and the rights of the parties thereunder are to be determined by Illinois law. Under Illinois law, policies of insurance are to be construed liberally in favor of the insured, to the end that he is not deprived of insurance for which he has paid a premium, unless the policy clearly, definitely, and explicitly requires it. *Wilson v. National Automobile and Casualty Ins. Co.,* 22 Ill. App.2d 34, 159 N.E.2d 504 (1959). Forfeitures of insurance contracts are not favored in the law, and unless the right to such forfeiture is clearly shown, no forfeiture may be invoked. *Freeport Motor Casualty Co. v. Tharp,* 338 Ill.App. 593, 88 N.E.2d 499 (1949). Moreover, where an insurer relies upon an exclusion as a defense, it has the burden of showing that the loss involved falls within such exclusion. *Wilson v. National Automobile and Casualty Ins. Co.,* 22 Ill.App.2d 34, 159 N.E.2d 504 (1959).

The principal contention asserted by all of the defendants is that under Illinois law, in order to take advantage of an exclusion, the insurer must plead and prove a causal connection between that exclusion and the

---

1. Plaintiff's contention that defendants' motions for judgment on the pleadings were untimely has no merit. While there has been some sloppy pleading, the pleadings are now settled and the issues are ripe for determination.

loss claimed. Such a causal connection, defendants argue, does not exist in the instant case, and therefore American States cannot escape coverage on the basis of the exclusion.

Defendants believe that *General Accident Fire and Life Assurance Corp. v. Brown,* 35 Ill.App.2d 43, 181 N.E.2d 191 (1962), is dispositive on this issue. That case involved a loading and unloading clause of a motor vehicle liability insurance policy. The issue involved was whether the claim alleged fell within that clause. The court determined that the claim did occur during the loading or unloading of the truck, but went on to look at the causal connection issue and held that unless the loading of the truck was the efficient and predominating cause of the injury, the claim did not come within that clause of the policy.

After holding that a causal connection was necessary, the court, in *Brown,* stated:

"On the record before us we cannot say that Blakesley's injury was caused by the loading of the truck. In his suit Blakesley alleged that his injury was caused solely by Libby's defective dock and their negligence in failing to maintain it. Libby owned and controlled the dock and clearly had sole responsibility for its maintenance. There were no allegations to the effect that Blakesley's carrying of merchandise in any way contributed to his fall, nor that any merchandise or anything connected with the loading operation or the truck itself in any way caused his injury. We are satisfied that the accident was not the result of the loading or use of the truck, but rather was caused directly by some independent factor or intervening cause wholly disassociated with and remote from the use of the truck. The coverage provided under the loading and unloading clause of Employers' policy could not have been intended to apply to such a situation." 35 Ill. App.2d 43, 49–50, 181 N.E.2d 191, 194.

*Brown* has been followed in the Seventh Circuit in two cases dealing with similar loading and unloading clauses. *Clark v. Travelers Indemnity Co.,* 313 F.2d 160 (7th Cir. 1963); *Bituminous Casualty Corp. v. Hartford Accident and Indemnity Co.,* 330 F.2d 96 (7th Cir. 1964).

Plaintiff would distinguish these cases from the case at bar in two respects.[2] First, all three cited cases deal with the construction of insurance policies containing loading and unloading clauses. Thus, plaintiff argues, the causal connection requirement established in *Brown* should be limited to losses falling under similar loading and unloading clauses. However, no good reason has been advanced, or is perceived, why such a requirement should be restricted to claims arising under loading and unloading clauses of automobile insurance policies. The rationale behind a causation requirement applies to other types of insurance coverage as well, including the aircraft liability policy in the instant case.

Second, plaintiff distinguishes the present case from *Brown* and the two Seventh Circuit decisions following it, in that none of those cases involve a specific policy exclusion, as does the present case. It is argued that although Illinois law may require a connection between the cause of the loss and the coverage afforded under the insuring agreement, it does not require a connection between the cause of the loss and existing circumstances at the time of the loss, which are specifically excluded from coverage, in order for the insurer to successfully invoke the exclusion.

■ There does appear to be some justification for making this distinction, in that one must acknowledge that *Brown* can be considered susceptible of such an interpretation. Nevertheless, on the basis of *Brown* and sound policy considerations, the court concludes that the law of Illinois does require that to invoke an exclusion, there be a causal connection between the excluded circumstances and the cause of the loss. This

**2.** It is interesting to note, while wholly irrelevant here, that plaintiff's counsel successfully argued in support of a causal connection requirement in *Clark v. Travelers Indemnity Co.,* 313 F.2d 160 (7th Cir. 1963).

determination necessarily presupposes that the state courts of Illinois would so hold as a logical and desirable adjunct of *Brown,* if they were confronted with this specific question.

Since Illinois law requires the existence of a causal connection in order for coverage to be afforded under an insuring agreement, it would seem grossly unfair not to require such connection between the loss which occurs and the exclusion, in order for the insurer to successfully escape coverage under an exclusion. This conclusion is not only buttressed by the Illinois law requiring insurance policies as a whole to be construed liberally in favor of the insured (*Wilson v. National Automobile and Casualty Ins. Co., supra*), but it is apparent that the exposure undertaken for indemnity, on which premiums are based, is not directly involved at all when a policy exclusion happens to become involved which has nothing to do with the loss.

There does appear to be a split of authority on this question in the other jurisdictions which have passed upon it. Both sides have cited a number of cases from other jurisdictions which tend to support their respective positions. However, the significance of any of those cases in relation to the case at bar is minimal, in light of the fact that the issue must be resolved on the basis of the law of Illinois as recognized in the Seventh Circuit. Therefore, neither citation of these cases nor further comment about them seems warranted here.

■ The logic and appropriateness of requiring such a causal connection is demonstrated clearly under the facts of the present case. Exclusion # 6 excludes coverage for any flight in which the helicopter is *operated* by an unspecified pilot. The only reasonable purpose of such an exclusion is to limit the insurer's liability for potential losses caused by pilot error or negligence by an unskilled pilot. The policy quite reasonably insures against pilot error or negligence only with respect to those pilots whom the insurer has considered to be acceptable risks. However, there is nothing in the record to suggest that pilot error or negligence was any part of the cause of the helicopter crash involved here. Assuming that pilot conduct did not cause the tragedy, there is no connection between the cause of the loss and the exclusion.

American States undertook to insure against certain risks or hazards, and Byerly paid premiums for that protection. One of the risks clearly insured against was inadequate maintenance. From the complaint filed in the Magnuson suit, it would appear that the cause of the crash was inadequate maintenance of the aircraft. The complaint therein alleges negligent maintenance, but contains no suggestion of pilot error or wrongful conduct during the flight.

Under the policy involved, coverage would clearly be excluded if the loss was caused by the conduct or omission in flight of a pilot not named in the policy. However, if the cause of the crash was something other than pilot conduct (such as negligent maintenance), the fact that an unnamed pilot was operating the helicopter did nothing to increase the risks undertaken. Under these circumstances, American States would in no way be prejudiced by the fact that Martin was piloting the aircraft, and the casualty which occurred is one which it undertook to cover and for which it was paid a premium. It should not be able to invoke an exclusion to provide itself a pure windfall of non-liability.

Therefore, this court holds that, under the circumstances which now seem apparent, coverage under American States policy number CA–F–0132 is not rendered inapplicable because the aircraft was being piloted by Kedric Martin when it crashed. The policy does provide coverage for the April 2, 1977 helicopter crash, unless it is finally determined to be a fact that a significant cause of this crash was pilot conduct or omission on the part of Kedric Martin. It also necessarily follows that American States owes a legal contractual duty to defend the insureds under the terms of the policy unless and until some causal connection is shown between the loss and the pilot involved.

Several other issues have been presented, but require no further consideration by reason of the foregoing declarations.

Accordingly, IT IS ORDERED that defendants' motions for judgment on the pleadings are ALLOWED pursuant to Rule 12(c), F.R.Civ.P.

IT IS FURTHER ORDERED that judgment herein shall enter in favor of all defendants.