**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

OLD REPUBLIC INSURANCE COMPANY,
*Plaintiff-Appellee,*

v.

ROBERT GRIFFIN,
*Defendant-Appellant,*

and

LOIS JENSEN,
*Defendant.*

No. 03-16671

D.C. No.
CV-02-00252-LRH

ORDER
CERTIFYING A
QUESTION TO
THE SUPREME
COURT OF
NEVADA

Filed March 16, 2005

Before: Dorothy W. Nelson, William A. Fletcher and
Raymond C. Fisher, Circuit Judges.

---

## ORDER

We respectfully certify to the Nevada Supreme Court the question of law set forth in Section III of this order, pursuant to Nevada Rule of Appellate Procedure 5. The question of law will be determinative of the matter pending before this court, and there is no clearly controlling precedent in the decisions of the Nevada Supreme Court.

All further proceedings in this case are stayed pending receipt of the answer to the certified question. This appeal is withdrawn from submission and will be submitted after receipt of the Nevada Supreme Court's opinion on the question certified. This panel retains jurisdiction over further proceedings in this court. The parties will notify the Clerk of this court within one week after the Nevada Supreme Court

accepts or rejects the certification and again within one week after that court renders its opinion.

## I.  Background

In September 2001, Kevin Jensen was piloting a plane and approaching the runway of the Carson City Airport when his plane crashed in the backyard of appellant Robert Griffin, pinning Griffin down and causing him to sustain severe injuries. His medical expenses topped $200,000. Jensen had purchased the plane only a few months earlier and had bought insurance through Old Republic Insurance Company.

In April 2002, Griffin filed suit in state court against Jensen and his wife, seeking recovery for damages from the crash. Shortly thereafter, Old Republic filed an action for a declaratory judgment that it had no obligation to pay any damages to Griffin or Jensen because the accident was excluded from coverage. Specifically, the company alleged that because Jensen failed to have an annual inspection performed on the aircraft as required by the airworthiness provisions of the policy, the accident was excluded from coverage. Griffin argued, in turn, that the airworthiness exclusion was unreasonable and could not be interpreted to require an annual inspection. He also contended that Nevada law supported adopting a causal connection requirement, thus permitting coverage exclusion only if the failure to comply with the policy led to the accident.

Old Republic's policy does not cover the aircraft when "the Airworthiness Certificate of the aircraft is not in full force and effect" or "the aircraft has not been subjected to appropriate airworthiness inspection(s) as required under current applicable Federal Air Regulations for the operations involved." Jensen had initialed a clause in the application stating that there would be no coverage "unless a standard airworthiness certificate is in full force and effect."

Further, the aircraft purchase agreement also required the buyer to acknowledge "that he or his authorized mechanics/ agents, have fully inspected the described aircraft, related airworthy paperwork, log books, etc. and have determined that this aircraft is in airworthy condition." Jensen signed a delivery and acceptance agreement indicating that he had complied with the requirements described above.

The certificate remains in full force and effect as long as the plane complies with FAA maintenance regulations. *See* 14 CFR § 21.181 (stating that "[s]tandard airworthiness certificates issued for restricted or limited category aircraft are effective as long as the maintenance, preventive maintenance, and alterations are performed in accordance with Parts 43 and 91 of this chapter and the aircraft are registered in the United States"). Specifically, "no person may operate an aircraft unless, within the preceding 12 calendar months, it has had . . . an annual inspection in accordance with . . . this chapter." *See* 14 CFR § 91.409. Under FAA regulations, another annual inspection was required by July 31, 2001. It is undisputed that at the time of the crash, the plane had not been inspected for more than 12 months. The plane's logbook revealed that the last inspection had been conducted on July 13, 2000. Thus, Jensen was in violation of the insurance policy at the time of the crash.

It is unclear whether the annual inspection might have prevented the crash. Jensen speculated that the accident was caused by sediment that clogged the fuel lines and prevented fuel from feeding the engine. The National Transportation Safety Board, in its accident report, determined that the probable cause of the crash was "[t]he pilot's incorrect setting of the fuel selector valve during the prelanding checklist to a position between usable tanks, resulting in fuel starvation."[1]

---

[1]Should a causal connection be required, resolution of relevant disputed facts would be the province of the finder of fact in the district court.

Old Republic moved for summary judgment, which the district court granted. The court concluded that the policy exclusion was unambiguous and that a "lay person would reasonably expect after reading the exclusion (both in the application and policy) that coverage would be denied if the airworthiness certificate was not in effect, regardless of whether the insured had knowledge that it was not in effect." On the issue of causality, the court ruled as a matter of first impression that Nevada law did not call for such a requirement. It noted the strong public policy considerations of enforcing an airworthiness provision, whether or not it was causally related to the crash. The court concluded that the "clear purpose behind these exclusions . . . is to encourage the safe operation of aircraft. . . . Enforcement of such a provision serves to encourage compliance with the Federal Aviation Regulations, which serve an important safety function."

On appeal to this court, Griffin challenged the interpretation of the airworthiness exclusion provision and argued that Nevada law compelled a causal connection requirement between the policy exclusion and the reason for the accident. We affirm the district court's conclusion that the policy exclusion at issue here is unambiguous and is properly interpreted to include an annual inspection. Therefore, the question of causation will be determinative of the appeal.[2]

## II.   Discussion

Appellant argues that Old Republic is trying to use an inconsequential violation — failure to meet the airworthiness standard by not conducting an annual inspection — to avoid its obligations under the policy. The question of whether causality is a required element to deny coverage is a matter of

---

[2]Should a causal connection be required, we would then remand the case to the district court for a trial to determine causation. *See* n.1, supra. If no causal connection is required, we would affirm the judgment of the district court in full.

first impression in Nevada, as recognized by the district court. The court reasoned that the Nevada Supreme Court would reject such a requirement, based on the state's public policy interests and the practice of other jurisdictions.

As a starting matter, Nevada statutory and case law do not clearly indicate whether the state Supreme Court would impose such a requirement on insurers. Appellant claims that Nevada law supports a causal connection requirement, relying in part on Nevada's insurance code, which contains an anti-technicality provision. N.R.S. 687B.110. Under the provision:

> All statements and descriptions in any application for an insurance policy or annuity contract, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy or contract unless either (1) [f]raudulent; or (2) [m]aterial either to the acceptance of the risk, or to the hazard assumed by the insurer; or (3) [t]he insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.

*Id*. Appellant reasons that this provision demonstrates Nevada's support for a causal connection requirement to prevent insurers from evading their obligations based on technical violations of a policy.

However, we find the provision to be inconclusive on the causal connection issue for several reasons. First, the statute on its face does not speak to the relationship between exclu-

sion provisions of a policy and the cause of an accident. This is in contrast to other state laws, which address the issue of causality more directly and therefore provide greater support for imposing a causal connection requirement. For example, in *Pickett v. Woods*, a Florida court rejected the insurer's attempt to deny coverage based on an airworthiness exclusion where the accident was attributed to pilot error. 404 So. 2d 1152, 1153 (Fla. Dist. Ct. App. 1981). The court reached its decision relying on a state statute, under which:

> A breach or violation by the insured of any warranty, condition, or provision of any wet marine or transportation insurance policy, contract of insurance, endorsement, or application therefore shall not render void the policy or contract, or constitute a defense to a loss thereon, unless such breach or violation increased the hazard by any means within the control of the insured.

*Id.* at 1152-53) (quoting Fla. Stat. ch. 627.409 (1979)); *see also Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex. 1984) (adopting a causal connection requirement based on an anti-technicality provision covering fire insurance which stated that any violation of a policy would not "void the policy or contract, or constitute a defense to a suit for loss thereon, unless such breach or violation contributed to bring about the destruction of the property") (quoting Tex. Ins. Code Ann. § 6.14 (2002) (repealed 2003)). Nevada's anti-technicality statute, in contrast, does not directly support a causal connection requirement.

Nevada case law also does not clearly suggest that the anti-technicality provision should have such a broad reach or that causation is required to exclude coverage. In *Randono v. CUNA Mutual Ins. Group*, the Nevada Supreme Court held that an insurer could deny insurance proceeds because of the insured's omission of his hypertension on his application form, even though this condition was not related to his cause

of death. 793 P.2d 1324 (Nev. 1990). In discussing the application of N.R.S. 687B.110, the court noted that the introductory language of the statute "offers hope to consumers that insurance contracts will not be made voidable by inaccuracies and omissions in their applications, but the exceptions . . . largely consume the rule. The exceptions would appear to deny, in most situations, the protection and relief that the statute may have been attempting to grant." *Id*. at 1327. Thus, it is hard to read the limited anti-technicality statute as supporting a broad causal connection requirement.

Additionally, another case suggests that the state court has taken a more permissive view on the issue of causation in the insurance context. In *McDaniel v. Sierra Health and Life Ins. Co.*, the Nevada court construed causation loosely in a policy that excluded coverage based on the insured's commission of a felonious act. 53 P.3d 904, 908 (Nev. 2002). The court held that the insurer had no financial obligation where the insured was driving drunk and failed to make a proper turn. The car flipped over, killing the insured and injuring the passenger-claimant. *Id*. The court rejected the beneficiary's argument that because the statute treated drunk driving as felonious based on the harm caused to *another*, the death of the insured was not sufficiently related to the felonious conduct to trigger the exclusion. *Id*. at 907. Instead, the court adopted the more expansive majority approach of interpreting felony exclusions to apply "when the loss is remotely connected to any aspect of the insured's felonious conduct." *Id*.

In sum, Nevada statutory and case law do not provide a definitive answer to the question of whether a causal connection between the policy violation and the accident must exist to exclude coverage. We look now to the practice of other states, some of which have imposed a causal connection requirement to limit the instances in which an insurer may avoid coverage under a policy.[3] In *Puckett v. U.S. Fire Ins.*

---

[3] We decline to adopt the characterizations of the parties as to the "majority" practice or the "modern trend" among jurisdictions.

*Co.*, the Texas Supreme Court concluded that "an insurer cannot avoid liability under an aviation liability policy unless the failure to inspect is either the sole or one of several causes of the accident." 678 S.W.2d at 938. It held that allowing the insurance company to avoid liability for an accident caused by pilot error based on the lack of an airworthiness certificate violated public policy.

An Illinois district court, in a matter of first impression, concluded that Illinois state law called for a causal connection between the accident and the reason for the exclusion. *Am. State Ins. Co. v. Byerly Aviation, Inc*., 456 F. Supp. 967 (S.D. Ill. 1978). The court reached the result based on Illinois law requiring insurance policies to be construed liberally in favor of the insured and a state appellate court decision calling for a causal connection between the accident and a provision of a motor vehicle insurance policy. *Id*. at 969-70; *see also Bayers v. Omni Aviation Managers, Inc*., 510 F. Supp. 1204, 1207 (D. Mont. 1981) (holding that a policy claiming to limit coverage where a pilot did not have a proper medical certificate did not meet the causal connection requirement because the pilot's medical condition did not cause the crash).

The Colorado Supreme Court adopted a slightly different approach in *O'Connor v. Proprietors Ins. Co*., 696 P.2d 282 (Colo. 1985). The court concluded that if the regulation is clearly safety related — as in the case of an airworthiness requirement — then the exclusion should apply unless the insured can show the violation was *not* the cause of the accident. *Id*. at 286. In that case, the insured party had not met its burden to demonstrate that his violation of an airworthiness provision did not cause the accident and therefore should not exclude coverage. *Id*. at 285-86 (noting that "the FAA regulation violated relates so directly to the safe operation of the plane that the violation could have contributed to or prevented discovery of an unsafe condition that may have caused the accident").

However, many states have rejected a causal connection requirement, especially where the insurance policy exclusions are unambiguous and clearly delineate the conduct that will trigger a violation. *See, e.g., Security Ins. Co. of Hartford v. Andersen*, 763 P.2d 246, 249 (Ariz. 1988) (finding no causal connection required but limiting its holding to cases "where the exclusion was narrow and specifically delineated what was and what was not covered, where the relevant clause was an exclusion of coverage (as opposed to some kind of condition subsequent), and where the exclusion was completely unambiguous"); *National Union Fire Ins. Co. v. Miller*, 192 Cal. App. 3d 866, 872-73 (1987) (finding no need for a causal relationship between an exclusion and the accident in a case in which the policy did not cover claims if the pilot's medical certificate was not current); *Hollywood Flying Serv., Inc. v. Compass Ins. Co.*, 597 F.2d 507, 508 (5th Cir. 1979) (treating insurance policy as suspended when not in compliance with government regulations per the terms of the exclusion).

We conclude that the case law on this issue is sufficiently divergent to leave open the question of whether Nevada would or would not adopt such a requirement based on its own public policy goals. We further note that the appellant in this case is a third party, who was injured when a plane fell on him in his own backyard. As such, the state may weigh differently the public policy considerations of precluding coverage in this type of case, where the party seeking coverage had no way of ensuring compliance with the policy or preventing the crash. Thus, because this question represents an issue of first impression and has significant implications for Nevada's insurance coverage law, and we cannot be certain how the Nevada Supreme Court would resolve the matter, we believe certification on this question of law to be appropriate.

### III. Question of Law

The question of law we hereby certify is:

Under Nevada law, may an insurer deny coverage under an aviation insurance policy for failure to comply with an unambiguous requirement of the policy or is a causal connection between the insured's noncompliance and the accident required?[4]

## IV. Conclusion

Griffin's appeal presents an issue of Nevada state law which will be determinative of an issue essential to the parties' dispute and as to which there is no clearly controlling precedent from the Nevada Supreme Court. For this reason, we request that the Nevada Supreme Court accept and decide the question herein certified. We agree to abide by the Nevada Supreme Court's decision as specified by Rule 5 of the Nevada Rules of Appellate Procedure, which states that "[t]he written opinion of the Supreme Court stating the law governing the questions certified . . . shall be res judicata as to the parties."

### Party Names

The names of the appellant and appellee are as follows:

Appellant: Robert Griffin

Appellee: Old Republic Insurance Co.

### Counsel for the Parties

The names and addresses of the parties' counsel are as follows:

---

[4]If a causal connection is required, which party bears the burden of showing causation? Also what degree of causation must be shown, i.e. must the failure to comply be the sole cause of the accident or just a preventable cause of the accident?

Counsel for appellant: Day R. Williams
Attorney at Law
204 N. Minnesota St.
Carson City, NV
89703-4151

Counsel for appellee: Stephen S. Kent
Woodburn & Wedge
6100 Neil Road, Suite 500
Reno, NV 89511

The clerk of this court is hereby directed to file in the Nevada Supreme Court, under official seal of the Ninth Circuit Court of Appeals, copies of all relevant briefs and an original and ten copies of this request with a certificate of service on the parties. **IT IS SO ORDERED.**

Respectfully submitted, Dorothy W. Nelson, Senior Circuit Judge, William A. Fletcher and Raymond C. Fisher, Circuit Judges.

The Honorable Raymond C. Fisher
United States Circuit Judge

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2005 Thomson/West.