**OLD REPUBLIC INSURANCE COMPANY, Plaintiff— Appellee,**

v.

**Robert GRIFFIN, Defendant— Appellant,**

**and**

**Lois Jensen, Defendant.**

**No. 03–16671.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2005.

Submission Withdrawn June 15, 2005.

Resubmitted June 9, 2006.

Filed June 13, 2006.

Stephen Kent, Esq., Reno, NV, for Plaintiff–Appellee.

Day R. Williams, Esq., Carson City, NV, for Defendant–Appellant.

Scott Marquis, Marquis & Aurbach, Las Vegas, NV, for Defendant.

Before: D.W. NELSON, W. FLETCHER and FISHER, Circuit Judges.

**MEMORANDUM** *

In a March 16, 2005 published order, we certified the following question to the Nevada Supreme Court: "Under Nevada law, may an insurer deny coverage under an aviation insurance policy for failure to comply with an unambiguous requirement of the policy or is a causal connection between the insured's noncompliance and the accident required?" *Old Republic Ins. Co. v. Griffin,* 402 F.3d 876, 881 (9th Cir. 2005) [hereinafter *Griffin I* ].

The Nevada Supreme Court accepted certification of the above question and held that "insurers need not establish a causal connection between an aviation policy exclusion and the loss in order to avoid liability so long as the exclusion is unambiguous, narrowly tailored, and essential to the risk undertaken by the insurer." *Griffin v. Old Republic Ins. Co.,* — Nev. —, 133 P.3d 251, 252 (2006) (en banc) [hereinafter *Griffin II* ]. We have already held that the exclusion in this case was unambiguous. *See Griffin I,* 402 F.3d at 878. Describing when an exclusion is narrowly tailored and essential to the insurer's risk, the Nevada Supreme Court concluded that the insurance exclusion at issue here met both requirements. *See Griffin II,* 133 P.3d at 256–57. Therefore, Old Republic is not obligated to establish a causal connection between Dr. Jensen's failure to maintain a valid airworthiness certificate and his subsequent crash that injured Griffin in order to avoid liability for the loss claimed by Griffin.

In our March 16, 2005 order we stated that "[i]f no causal connection is required, we would affirm the judgment of the district court in full." *Griffin I*, 402 F.3d at 878 n. 2. Because the Nevada Supreme Court has definitively ruled on this issue, we now affirm the district court's grant of summary judgment in favor of Old Republic.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.