GENE BAKER v. INSURANCE COMPANY OF NORTH AMERICA

No. 7111SC84

(Filed 31 March 1971)

1. Aviation § 1— federal regulation of aircraft

Operation of aircraft in this country is governed by Federal law.

2. Aviation § 3.5; Insurance § 147— aviation insurance — loss of plane — requirement that the pilot be "properly certified" — lack of medical certification

A pilot who at the time of his airplane crash did not have in force a current medical certificate as required by the Federal Aviation Agency was not a "properly certificated" pilot within the meaning of an insurance policy providing coverage for the plane while it is being commanded by a properly certificated pilot; consequently, the pilot was properly denied recovery under the policy for the loss of the plane.

3. Insurance § 3— policy as contract

An insurance policy is a contract.

4. Insurance § 147— aviation insurance — loss of plane — insurer's burden of proof

The insurer of an airplane was not required to show any causal connection between the crash of the plane and the insured's breach of an exclusionary clause, where the language of the policy explicitly rendered such proof unnecessary.

APPEAL by plaintiff from *Bailey, J.,* 30 September 1970 Civil Session of HARNETT Superior Court.

Plaintiff seeks recovery under an aircraft insurance policy issued by defendant for loss incurred on 15 March 1969 when plaintiff's airplane crashed. The parties waived jury trial and submitted the case on agreed facts, which were in substance as follows:

Plaintiff obtained his private pilot's license in the late 1950's, since which time it has remained in full force and effect. In October 1966 plaintiff renewed his medical certificate, third class, which by its terms became void after 24 calendar months. Plaintiff, owner of a Maule M4 aircraft, insured his airplane with defendant under a policy which expired on 18 October 1968. On 10 January 1969, while plaintiff's medical certificate was expired, defendant issued to plaintiff a new policy of insurance on the aircraft on plaintiff's written application dated 8 January 1969, and plaintiff paid defendant the required pre-

mium for the policy. On 15 March 1969 the aircraft was damaged when plaintiff was piloting the same and was attempting to land. On the date of the crash plaintiff was apparently in good health, and thereafter, on 18 April 1969, plaintiff renewed his medical certificate.

The insurance policy provided, in a "Pilot Endorsement," that coverage provided by the policy for the aircraft described therein "shall not apply while such aircraft is in flight unless the pilot in command of the aircraft is properly certificated and rated for the flight and the aircraft." The parties stipulated that "[t]he only question to be determined is whether the lapsing of plaintiff's medical certificate excluded coverage of the defendant's policy to the plaintiff."

After hearing, the court entered judgment making findings of fact in conformity with the stipulation of the parties and concluding as a matter of law that at the time of the crash plaintiff was not properly certificated and rated for the flight in that he did not have a current medical certificate, that the exclusion in defendant's policy suspends application of the insurance while the aircraft was being piloted by someone who was not "properly certificated," and no coverage was afforded plaintiff by defendant's policy with respect to the crash of plaintiff's airplane on 15 March 1969.

From judgment dismissing plaintiff's action with prejudice, plaintiff appealed.

*Bryan, Jones, Johnson, Hunter & Greene by James M. Johnson for plaintiff appellant.*

*Young, Moore & Henderson by J. C. Moore for defendant appellee.*

PARKER, Judge.

[1, 2] Operation of aircraft in this country is governed by Federal law. Title 49 U.S.C., §§ 1301 *et seq.* By 49 U.S.C., § 1421, the Administrator of the Federal Aviation Agency is authorized to prescribe such reasonable rules and regulations, or minimum standards, as he may find necessary to provide adequately for safety in air commerce. By § 1422 (a) the Administrator is empowered "to issue airman certificates specifying the capacity in which the holders thereof are authorized to serve as airmen

Baker v. Insurance Co.

in connection with aircraft." Pursuant to authority granted him by Congress, the Administrator has promulgated Federal Aviation Regulations. Part 61 of those Regulations (14 C.F.R., §§ 61.1 *et seq.*) prescribes the requirements for issuing certificates and ratings for aircraft pilots. Included in Part 61 is § 61.3, which contains the following:

"§ 61.3 *Certificates and ratings required.*

"(a) *Pilot certificate.* No person may act as a pilot in command or in any other capacity as a required pilot flight crewmember of a civil aircraft of U.S. registry unless he has in his personal possession a current pilot certificate issued to him under this part. . . .

\*  \*  \*  \*  \*

"(c) *Medical certificate.* Except for glider pilots piloting gliders, no person may act as pilot in command or in any other capacity as a required pilot flight crewmember of an aircraft under a certificate issued to him under this part, unless he has in his personal possession an appropriate current medical certificate issued under Part 67 of this chapter. . . . "

Part 67 of the Federal Aviation Regulations prescribes the medical standards and procedures for issuing medical certificates for airmen. Provision is made for examination of applicants by medical examiners under the supervision of the Federal Air Surgeon or his authorized representatives. Three classes of medical certificates are provided for. First-class medical certificates are valid for six months; second-class medical certificates are valid for twelve months; and third-class medical certificates are valid for twenty-four months. The reason for requiring periodical examination and certification as to continued physical fitness of airmen is apparent.

Even though plaintiff held a valid *pilot* certificate as referred to in subparagraph (a) of § 61.3 of the Federal Aviation Regulations quoted above, by the clear and express prohibition contained in subparagraph (c) of that section, *he could not lawfully act as pilot in command under that certificate,* since at the time of the crash he did not have the appropriate current medical certificate. Under these circumstances it is our opinion, and we so hold, that plaintiff cannot be considered to have been "properly certificated" at the time of the crash within the

meaning of those words as contained in the policy exclusionary endorsement.

[2-4]   The fact that at the time of the crash plaintiff was in apparent good health and shortly thereafter was able to renew his medical certificate is not controlling. An insurance policy is a contract. In this one the parties expressly "agreed that coverage provided by this policy with respect to any aircraft specifically and individually described therein shall not apply while such aircraft is in flight unless the pilot in command of the aircraft is properly certificated. . . ." The clear meaning of this language is not that the risk is excluded if damage to the aircraft is *caused* by failure of the pilot to be properly certificated, but that risk is excluded if damage occurs *while* the aircraft is being flown by a pilot not properly certificated. Under such circumstances coverage under the policy simply did not exist, and it was not necessary for the insurer to show any causal connection between the breach of the exclusionary clause and the insured's loss. Our conclusion in this regard is supported by the decision in *Bruce v. Lumbermens Mutual Casualty Company*, 222 F. 2d 642 (4th Cir. 1955). In that case recovery was sought under an aircraft liability policy which excluded from coverage any liability for bodily injury to a passenger caused by operation of the aircraft "during flight . . . in violation of any government regulation for civil aviation." It was conceded that there was no causal connection between the death of plaintiff's intestate and the violation of government regulation shown. Judgment for the insurance company was affirmed nevertheless, the court saying (p. 645) :

> "The second contention of the appellant, that the judgment must be reversed because no causal connection between the violation of the regulations and the accident was shown, must also be rejected. The clear meaning of the policy is not as the appellant suggests that the risk is excluded if the injury is caused by a violation of the regulations, but that the risk is excluded if the injury is caused by the operation of the plane *while* it is being used in violation of the regulation. It is established by the great preponderance of authority in the decisions of this and other courts that an insurer need not show a causal connection between the breach of an exclusion clause and the accident, if the terms of the policy are clear and unambiguous, since the rights of the insured flow from the contract of insurance and not from a claim arising in tort."

---

---

In *Underwriters at Lloyd's of London v. Cordova Airlines*, 283 F. 2d 659 (9th Cir. 1960) a policy of aircraft insurance was issued which excluded coverage for a loss "arising from . . . any flying in which a waiver . . . is required." The aircraft crashed while carrying dynamite, for which a waiver was required but was not obtained. The dynamite did not explode and its presence on the aircraft had nothing to do with the crash. The court held that verdict should have been directed for the insurer, since as a matter of law the insured's breach of the policy "suspended its coverage during the flight which resulted in the loss."

Two United States District Court cases relied on by plaintiff are distinguishable from the case before us. In *Royal Indemnity Co. v. John F. Cawrse Lumber Co.*, 245 F. Supp. 707, the policy provided that it applied to aircraft in flight only while being operated by a pilot holding a valid and current private or commercial *pilot* certificate, and the court held this language did not require that the pilot hold both a pilot certificate and a medical certificate; the policy in the case before us did not distinguish between the pilot certificate and the medical certificate, but required that the pilot be "properly certificated," which in our view necessitates both certificates. In *Insurance Co. of North America v. Butte Aero Sales & Serv.*, 243 F. Supp. 276, the policy was similar to the one involved in the present case except that it contained a second endorsement which excluded coverage unless the pilot was "Jack Elderkin or any other pilot who is properly certificated." The court held that the only logical construction is that the second endorsement was attached to the policy to make the insurance effective when Jack Elderkin was pilot in command, regardless of his certification or rating, but to require that others who might pilot the plane be properly certificated and rated. No similar second endorsement was attached to the policy in the case before us.

The judgment appealed from is

Affirmed.

Chief Judge MALLARD and Judge GRAHAM concur.