OMAHA SKY DIVERS PARACHUTE CLUB, INCORPORATED, APPELLANT, V. RANGER INSURANCE COMPANY, APPELLEE.
204 N. W. 2d 162.

Filed February 9, 1973. No. 38543.

Weber & Fugit, for appellant.

William J. Brennan, Jr., for Fitzgerald, Brown, Leahy, McGill & Strom, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is an action on an aircraft insurance policy to recover for damage to the insured aircraft. The district court sustained a motion for summary judgment for the defendant and dismissed plaintiff's petition.

The plaintiff, Omaha Sky Divers Parachute Club, Incorporated, was the owner of a 1959 Cessna aircraft. On September 2, 1970, the defendant, Ranger Insurance Company, issued an insurance policy insuring the aircraft for a term of 1 year. The coverage included loss of or damage to the aircraft while in motion. On January 12, 1971, a brake on the plane failed upon landing and the aircraft was damaged in the resulting wreck. The plane was piloted by John F. Peters. He held a valid and effective F.A.A. pilot certificate, but his previously valid F.A.A. medical certificate had expired on August 9, 1970. On January 14, 1971, 2 days after the

accident an F.A.A. medical certificate with no limitations was issued to John F. Peters. On the date of the accident, Peters had no medical infirmity that would have prevented his having a valid medical certificate and his failure to have such a certificate in no way contributed to the accident.

Item 7 of the declarations page, Part Two of the policy, provided: "PILOT CLAUSE: Only the following pilot or pilots holding valid and effective pilot and medical certificates with ratings as required by the Federal Aviation Administration for the flight involved will operate the aircraft in flight: STAN SEARLES; OTHERWISE, PRIVATE OR COMMERCIAL PILOTS HAVING A MINIMUM OF 300 TOTAL LOGGED HOURS, INCLUDING 20 HOURS IN INSURED MAKE AND MODEL."

Under the heading of "EXCLUSIONS," on page 2 of the policy, is the following language: "This Policy does not apply: * * *

"2. to any occurrence or to any loss or damage occurring while the aircraft is operated in flight by other than the pilot or pilots set forth under Item 7 of the Declarations;".

The district court found that the applicable F.A.A. regulations require that a pilot have in his possession a valid medical certificate issued within the preceding 24 months; that the insurance policy provisions quoted above are clear and unambiguous; and that the policy provided no coverage for an aircraft operated in flight by a pilot not having a valid and effective medical certificate. The district court then overruled a motion for summary judgment by the plaintiff, granted the defendant's motion for summary judgment, and dismissed the plaintiff's action.

The sole issue here is whether the insurance policy excluded coverage for damage which occurred while the aircraft was being operated in flight by a pilot whose medical certificate had expired.

The plaintiff contends that the provisions of the in-

surance policy previously quoted constitute only a warranty or condition and that a breach of such warranty or condition will not permit the insurer to avoid liability unless the breach contributed to the loss. Plaintiff relies on section 44-358, R. R. S. 1943, which provides in part: "The breach of a warranty or condition in any contract or policy of insurance shall not avoid the policy nor avail the insurer to avoid liability, unless such breach shall exist at the time of the loss and contribute to the loss, anything in the policy or contract of insurance to the contrary notwithstanding."

Item 7 of the declarations standing alone might well be interpreted as a warranty or a condition, but any such interpretation cannot be extended to the separate exclusion clause. The exclusion clause here provides that the policy does not apply to any "damage occurring while the aircraft is operated in flight by other than the pilot or pilots set forth under Item 7 of the Declarations." Coverage is excluded while the plane is operated in flight by anyone except the pilot or pilots described separately in the declarations. Both the exclusion clause and the declaration are clear and unambiguous. The exclusion does not constitute either a warranty or a condition within the meaning of section 44-358, R. R. S. 1943.

It is well established that an aircraft insurance policy may exclude coverage when the airplane is flown by certain types of persons or pilots. See 11 Couch on Insurance 2d, § 42:634, p. 315. The insurer under an aircraft insurance policy may lawfully exclude certain risks from the coverage of its policy and where damage occurs during the operation of the insured aircraft under circumstances as to which the policy excludes coverage, there is no coverage. Pacific Indemnity Co. v. Kohlhase, 9 Ariz. App. 595, 455 P. 2d 277.

The policy provisions here require that a pilot hold "valid and effective pilot and medical certificates with ratings as required by the Federal Aviation Administra-

tion * * *." That language is unambiguous. The evidence establishes that the medical certificate of the pilot in command of the aircraft at the time of the accident had lapsed even before the insurance policy here had been issued. Under language in an aircraft policy excluding coverage "while such aircraft is in flight unless the pilot in command of the aircraft is properly certificated * * *," it has been held that the lapse of a pilot's medical certificate excluded coverage whether or not there was any causal connection between the breach of an exclusionary clause and the accident. See, Baker v. Insurance Company of North America, 10 N. C. App. 605, 179 S. E. 2d 892; Glades Flying Club v. Americas Aviation & M. Ins. Co. (Fla. App.), 235 So. 2d 18.

Here the terms of the policy specifically exclude coverage while the aircraft is operated in flight by any pilot not "holding valid and effective pilot and medical certificates." A medical certificate, which had lapsed 5 months before the accident occurred, and before the issuance of the policy was not a "valid and effective" medical certificate. A renewal shortly thereafter did not validate it retroactively. Federal aviation regulations prohibited Peters from acting as a pilot unless he had in his personal possession an appropriate current medical certificate. He could not lawfully act as a pilot in command at the time of the crash. The subsequent renewal did not wipe out the violation nor alter the fact that the violation had occurred. Under an aircraft insurance policy that excludes coverage while the aircraft is operated in flight by other than a pilot or pilots holding valid and effective pilot and medical certificates, there is no coverage where a pilot's medical certificate lapsed 5 months before an accident occurred.

The judgment of the trial court was correct and is affirmed.

AFFIRMED.