Byron BAYERS and Phillips Petroleum Company, a corporation, Plaintiffs,

v.

OMNI AVIATION MANAGERS, INC., and Compass Insurance Company, Defendants.

No. CV–79–92–Bu.

United States District Court, D. Montana, Butte Division.

April 16, 1981.

W. G. Gilbert, Jr., Dillon, Mont., and Theodore R. Dunn of Goetz, Madden & Dunn, Bozeman, Mont., for Byron Bayers.

Gary R. Proctor, Oklahoma City, Okl., for Phillips Petroleum Co.

Gregory C. Black of Corette, Smith, Pohlman & Allen, Butte, Mont., and Cornelius J. Harrington, III of Conklin & Adler, Ltd., Chicago, Ill., for defendants.

## MEMORANDUM and ORDER

WILLIAM D. MURRAY, Senior District Judge.

Pending before the court are cross-motions for summary judgment raising the issue of the defendants' duty to provide coverage under an aircraft liability insurance policy when the pilot of the aircraft failed to hold a valid medical certificate. The aircraft involved was owned by plaintiff Byron Bayers and was being operated by Richard White when it crashed immediately after takeoff, damaging an oil tank at a Phillips Petroleum refinery. The aircraft was destroyed and Richard White was killed.

Bayers holds an insurance policy issued by Compass Insurance Co., through Omni Aviation Managers, Inc., both defendants herein. Defendants seek to avoid coverage on the basis that the pilot's failure to hold a valid and effective medical certificate at the time of the crash violated the terms and conditions of the policy thereby precluding coverage. It is undisputed that the failure of White to hold a valid medical certificate had no causal connection with the crash.

The two issues raised by the motions for summary judgment are:

1. Does the insurance policy exclude from coverage any pilot, otherwise qualified, who fails to hold a valid medical certificate?

2. Must there be a causal connection between the failure to hold a valid medical certificate and the crash before the insurer may avoid coverage?

While the issue of insurance coverage for a pilot lacking a valid and effective medical certificate is brought to this court on first impression, other jurisdictions have considered the issue and a split of authority has resulted. Since there is no controlling authority as to either issue presented for determination by the court, the court is to decide the issue in light of state law and by having recourse to cases from other jurisdictions, other federal decisions, and any other source materials the state court might rely on if it were making the decision. See, 1A *Moore's Federal Practice*, Para. 0.309[2]. When confronted by such a situation, the Montana Supreme Court has stated that it "should follow that view which it feels is best expressed in the law." *Holmstrom v. Mutual Benefit Health & Accident Ass'n*, 139 Mont. 426, 430, 364 P.2d 1065 (1961).

This court finds some guidance, however, from the firmly expressed Montana rule that in construing insurance clauses, every doubt should be resolved in favor of the insured, *Terry v. National Farmers Union Life Ins. Co.*, 138 Mont. 333, 339, 356 P.2d 975 (1960), and that exclusions and words of limitation must be strictly construed against the insurer. *Northwestern Nat'l Casualty Co. v. Phalen*, Mont., 597 P.2d 720, 724 (1979). With that in mind, I turn to an examination of the policy and the issues raised by the motions for summary judgment.

## I. Does Lack of a Valid Medical Certificate Preclude Coverage?

This issue is one of construction of insurance policy language, involving two portions of plaintiff's policy; Item 7 of the Pilot Warranty Clause, and Exclusion No. 2. Item 7 states:

Only the following pilot(s) holding valid and effective pilot and medical certificates with rating as required by the Federal Aviation Administration for the flight involved will operate the aircraft in flight: (in typewritten language) BYRON BAYERS, A COMMERCIAL MULTI–ENGINE RATED PILOT OR PRIVATE OR COMMERCIAL MULTI–ENGINE RATED PILOTS WITH A MINIMUM OF 2,000 TOTAL LOGGED HOURS, INCLUDING A MINIMUM OF 500 HOURS IN MULTI–ENGINE AIRCRAFT AND A MINIMUM OF 10 HOURS IN MAKE AND MODEL.

The relevant exclusion clause in Bayers' policy is exclusion (2), which states:

> This policy does not apply . . . (2) to any occurrence or to any loss or damage occurring while the aircraft is operated in flight by other than the pilot or pilots set forth under Item 7 of the Declarations.

Richard White was fully licensed and qualified to fly the aircraft at the time of the crash, both under FAA regulations and the terms of the policy, with the exception of the medical certificate requirement. Although he assured Bayers that he did have proper medical certification, White had allowed that certification to expire some two months prior to the accident. Defendants seek to avoid coverage on that basis, basing their argument on exclusion No. 2. The question raised is whether the exclusion clause, by its reference to Item 7, incorporates the medical certification requirement, or whether it refers only to the identity of persons who will pilot the aircraft. It is clear that if the exclusion were not involved, Item 7 of the Pilot Warranty Clause would not suspend coverage simply because the otherwise qualified pilot did not hold a valid medical certificate.

As stated above, this question has been addressed by other courts, with a split of authority resulting. Some courts have held that the exclusion operates to suspend coverage whenever a pilot, named or described in Item 7, is not properly "certificated." That is, that the words "holding valid and effective pilot and medical certificates . . ." modifies the naming of the pilots such that a named or otherwise qualified pilot who fails to hold a valid medical certificate is held not to be one of those "pilots set forth under Item No. 7. . . ." Cases in which this result has been reached are *Omaha Sky Divers Parachute Club, Inc. v. Ranger Insurance Co.*, 189 Neb. 610, 204 N.W.2d 162

(1973); and *Farmers and Merchants Bank of Manchester v. Ranger Insurance Co.*, 125 Ga.App. 166, 186 S.E.2d 579 (1971).[1]

An opposite result was reached in *Ranger Insurance Co. v. Culberson*, 454 F.2d 857 (5th Cir. 1971) and *National Indemnity Co. v. Demanes*, 86 Cal.App.3d 155, 150 Cal. Rptr. 117 (1978). In both cases, the policy language involved was in all critical respects identical, and the courts found that the exclusion clauses did not incorporate the certification requirements. Rather, those courts regarded the exclusion to refer to pilots "other than" those named or identified in the typewritten portion of the pilot warranty clause. Thus, if a certain pilot fell under that provision of the pilot warranty clause the exclusion would not apply to that pilot. In both *Culberson* and *Demanes*, the pilot of the aircraft was actually named in the pilot warranty clause, whereas in this case Richard White was not. Nevertheless, the logic of those cases still applies, and this court finds that logic persuasive.

There are other reasons which persuade this court to adopt the reasoning of *Culberson* and *Demanes*. Primary among these is that the control over policy terms and language rests with the insurance company. Had the insurer intended to exclude coverage whenever the pilot was without a proper medical certificate it could have clearly stated so in language that left no doubt. See, *Insurance Co. of North America v. Butte Aero Sales*, 243 F.Supp. 276, 279 (D.Mont.1965). As one commentator has put it:

> Courts have often reasoned that if the insurance company intends to exclude coverage when the pilot does not have a current medical certificate, why not at least use those words? It has been effectively argued, 'if that's what the insur-

---

**1.** Defendants cite other cases in support of their position, including *Edmonds v. United States*, 492 F.Supp. 970 (D.Mass.1980); *Glades Flying Club v. America's Aviation & Marine Ins.*, 235 So.2d 18 (Fla.App.1970); *Ranger Ins. Co. v. Columbus Muscogee Aviation, Inc.*, 130 Ga.App. 742, 204 S.E.2d 474 (1974); *Atlanta Air Fleet, Inc. v. Insurance Co. of North Ameri-*ca, 130 Ga.App. 15, 202 S.E.2d 192 (1973); *Baker v. Insurance Co. of North America*, 10 N.C.App. 605, 179 S.E.2d 892 (1971). These cases are distinguishable from the case at bar, for they involve exclusions which explicitly incorporate some or all of the certification requirements of the pilot warranty clause.

ance company meant, it was easy enough to say, and since it didn't, it obviously wasn't intended at the time the policy was written.'

Davis, "Aviation Insurance Exclusions" 37 *The Journal of Air Law and Commerce*, 337, 338, cited in *National Indemnity Co. v. Demanes*, 86 Cal.App.3d 155, 150 Cal.Rptr. 117, 118–19 (1978).

It must also be noted that the portion of the pilot warranty clause setting forth the name of Byron Bayers and the qualifications necessary for others to pilot the aircraft are set forth in bold typewritten print. By contrast, the exclusion relied upon by the insurance company is buried in small print in the body of the policy. While this alone would not avoid coverage, it reinforces the court's ruling upon the inadequacy of the exclusion clause. See *Demanes, supra*, .150 Cal.Rptr. at 119.

In this case the insurance company could easily have incorporated the medical certification requirement in its exclusion clause. It did not, and it must be held to provide coverage. Defendants' motion for summary judgment as to this issue must be denied and plaintiff's cross-motion for summary judgment will be granted.

## II. Must There be a Causal Connection Between the Lack of Medical Certification and the Crash?

Even if this court were to hold that the exclusion clause avoided coverage where an otherwise qualified pilot flew the aircraft without valid medical certification, the court would require a showing that the lack of certification was causally related to the crash. It is acknowledged that a split of authority exists as to this issue as well. As plaintiff points out, however, most of the cases in which no causal connection is required are cases in which the exclusion clauses contain language of express exclusion. Those cases are distinguishable from the case at bar. Only *Omaha Sky Divers Parachute Club v. Ranger Insurance Co.*, 189 Neb. 610, 204 N.W.2d 162 (1973), is directly applicable, and the court rejects the reasoning in that case.

This court will follow those decisions requiring that a causal connection be demonstrated. Such was the holding in *South Carolina Insurance Co. v. Collins*, 269 S.C. 282, 237 S.E.2d 358 (1977), where the court, construing policy provisions essentially the same as those involved in the case at bar, held that the more sound rule of law requires a causal connection between the breach of the policy conditions and the accident. Noting cases contrary, the court rejected them as "unpersuasive", noting "[o]nly their number, not their reasoning ..." lend support to the insurance company's position. *Id.* at 362.

A decision holding similarly is *Avemco Insurance Co. v. Chung*, 388 F.Supp. 142 (D.Hawaii 1975). While the policy language there was different from that in the present case, the court held that the exclusion section of the policy did not specifically exclude coverage for operating an aircraft without a valid medical certificate. The court went on to take note of the "trend of modern authority [which] is to hold that there is no forfeiture if the breach of condition ... did not contribute to the loss, or did not increase the risk at the time of the loss." *Id.*, at 150, citing Appleman, 6A *Insurance Law and Practice* (1972) Section 4146.

The "trend of modern authority" is sound and will be followed by this court. In the case at bar it is undisputed that the alleged breach of the policy conditions had nothing to do with the accident. To deny the insured the coverage he had paid for where merely a technical breach occurred would be unfair. The company inserted the medical certificate provision to guard against the risk of loss which arises where a person of bad health pilots an aircraft. In this case, Richard White's lack of medical certification did not increase the risk of loss to the company, and the insured's coverage will not be forfeited because of an alleged technical breach of the policy. Were this court to interpret the policy otherwise, plaintiff would suffer a forfeiture of his protection, a result disfavored in Montana

**1208**

law. *Holmstrom v. Mutual Benefit Health & Accident Ass'n,* 139 Mont. 426, 364 P.2d 1065 (1961).

## CONCLUSION AND ORDER

For all of the reasons set forth above,

IT IS ORDERED and this does order that defendants' motions for summary judgment be denied and that plaintiff's cross-motion for summary judgment be granted.