404 So.2d 1152 (1981)
Nancy Elizabeth PICKETT, As Personal Representative of the Estate of Wilbur Crafts Pickett, Jr., Deceased, et al., Appellants,
v.
T. Michael WOODS, Successor Personal Representative of the Estate of Jack L. Byrd, Deceased, Foremost Insurance Company, a Michigan Corporation, et al., Appellees.
No. 80-1112.
District Court of Appeal of Florida, Fifth District.
October 21, 1981.
Lester A. Lewis of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Daytona Beach, for appellants.
David William Boone of Dolan, Fertig & Curtis, P.A., Fort Lauderdale, for appellee Foremost Insurance Co.
No appearance for appellees Woods and Sellers.
FRANK D. UPCHURCH, Jr., Judge.
Appellant Nancy Pickett's husband, Dr. Wilbur Pickett, was killed in an aircraft accident. The trial court held that a policy issued by appellee Foremost Insurance Company did not cover the liability as claimed by appellant. An exclusion in the policy provided in pertinent part:
This policy does not apply:
4. to any insured
(b) who operates or permits the operation of the aircraft, while in flight, unless its airworthiness certificate is in full force and effect... .
After the issue of coverage had been severed for jury trial, the jury in a special verdict found that the aircraft did not have a valid airworthiness certificate in force at the time of the accident. The court then entered judgment holding that Foremost was not subject to liability. Appellant appeals from that judgment.
Appellant has raised several points on appeal but the only one which requires discussion is whether section 627.409(2), Florida Statutes (1979) prevents Foremost from escaping liability. This section provides:
A breach or violation by the insured of any warranty, condition, or provision of any wet marine or transportation insurance policy, contract of insurance, endorsement, or application therefore shall *1153 not render void the policy or contract, or constitute a defense to a loss thereon, unless such breach or violation increased the hazard by any means within the control of the insured.
Appellant argues that because the crash was due to pilot error (the plane flew into the ground while attempting to land in bad weather) and not the result of any malfunction, the failure to have a valid airworthiness certificate did not contribute to the accident and that therefore, the statute should apply and prevent the insurance company from relying on the exclusion to deny coverage. We agree and REVERSE.
Appellees rely on Bill Hames Shows, Inc. v. J.J. Taylor Syndicate # 173, 642 F.2d 179 (5th Cir.1981), wherein the court held that an alteration of the aircraft's rudder invalidated the craft's airworthiness certificate and therefore the insurance coverage which required such a certificate was suspended at the time of the crash. The court noted that the fact that the alteration may have been innocuous to normal operation of the aircraft was irrelevant. The court quoted from Glades Flying Club v. Americas Aviation & Marine Ins. Co., 235 So.2d 18 (Fla. 3d DCA 1970):
An aircraft insurance policy may validly condition liability coverage on compliance with a governmental regulation and, while non-compliance with such a regulation continues, the insurance is suspended as if it had never been in force. There need be no causal connection between the non-compliance and the loss or injury.
642 F.2d at 180.
Glades, however, was prior to the enactment of section 627.409(2). This statute speaks of breach by the insured of any "warranty, condition, or provision" of the policy. Here we are confronted with what was labeled in the policy as an exclusion. However, we believe that whether a policy warranty, condition, or exclusion is involved is not determinative. The Legislature apparently recognized the difficulty courts and insurance companies have had in distinguishing between these terms and used the word "provision" which would include any material portion of the policy. See 43 Am.Jur.2d Insurance §§ 751 and 756 (1969). See also World Insurance Company v. Kincaid, 145 So.2d 268 (Fla. 1st DCA 1962); Benton Casing Service, Inc. v. Avemco Insurance Co., 379 So.2d 225 (La. 1979); Rodriguez v. Northwestern National Ins. Co., 358 So.2d 1237 (La. 1978). Section 627.409(2) provides that the breach of the provision, in this case the failure to have the aircraft properly certified, must have increased the hazard. In the case before us, the crash was apparently caused when the non-instrument rated pilot flew into adverse weather conditions with which he could not cope because he lacked the ability or training. The statute is designed to prevent the insurer from avoiding coverage on a technical omission playing no part in the loss. If the appellee's interpretation were accepted, it would actually be to the insurer's advantage that the insured failed to renew the airworthiness certificate. In such event, the insurer would collect a premium but would have no exposure to risk because the policy would no longer be effective.
From the facts as stated, there seems to be no dispute that pilot error was the only cause of the accident. The only issue submitted to the jury was whether the aircraft was properly certified. The issue of whether the breach of the policy provision, i.e., that the aircraft be properly certified, increased the hazard as provided in section 627.409(2), Florida Statutes (1979), has not been judicially determined.
We therefore REVERSE and REMAND for further proceedings consistent herewith.
SHARP and COWART, JJ., concur.