BELLEFONTE UNDERWRITERS INSURANCE COMPANY v. ALFA AVIA-
TION, INC., WILLIAM AXSON SMITH, JR., MARY JO BECK, DONNA
STOCKS, WILLIAM T. TAYLOR, AND J. D. DAWSON COMPANY

No. 823SC441

(Filed 5 April 1983)

Insurance § 147— aircraft insurance policy—rented aircraft—pilot not having cur-
rent medical certificate

An accident involving an airplane rented from the insured was excluded from coverage under an aircraft insurance policy by a requirement that the pilot of an aircraft leased from the insured have a current medical certificate meeting Federal Aviation Administration regulations where the pilot of the leased aircraft did not have the appropriate current medical certificate in effect at the time of the accident, notwithstanding there was no causal connection between the breach of the exclusion limiting coverage and the accident. Furthermore, the accident was also excluded from coverage under an airport liability policy issued to the insured by a provision excluding coverage for "any aircraft owned by, hired by, loaned to or operated for the account of the Insured."

APPEAL by plaintiff from *Reid, Judge.* Order entered 15 February 1982 in Superior Court, PITT County. Heard in the Court of Appeals 10 March 1983.

This is a declaratory judgment action in which plaintiff sought determination of whether it was obligated to provide coverage to defendants under the terms of an aircraft insurance policy and an airport liability policy. The court denied plaintiff's summary judgment motion and granted summary judgment for all defendants.

Plaintiff appealed.

*Maupin, Taylor & Ellis by Thomas W. H. Alexander and M. Keith Kapp for plaintiff appellant.*

*Taft, Taft & Haigler by Kenneth E. Haigler and Thomas F. Taft for defendant appellee Alfa Aviation, Inc.*

*James, Hite, Cavendish & Blount by M. E. Cavendish and Charles R. Hardee for defendant appellee William Axson Smith, Jr.*

*Williamson, Herrin, Stokes & Heffelfinger by Ann J. Heffelfinger for defendant appellee Mary Jo Beck.*

*Dixon, Horne & Duffus by John D. Duffus, Jr., for defendant appellee Donna Stocks.*

*Speight, Watson and Brewer by William C. Brewer, Jr., for defendant appellee J. D. Dawson Company.*

BRASWELL, Judge.

The controlling question before us is whether the trial court erred in ruling as a matter of law that defendants were entitled to recovery under the terms of the insurance policies in question. For the reasons stated below, we reverse that ruling. Summary judgment should have been granted for plaintiff and defendants' motion should have been denied.

This action results from an airplane accident, occurring on 20 June 1978, in which the insured single-engine aircraft was destroyed, and the pilot, defendant William Axson Smith, Jr., and the passengers, Mary Jo Beck, William T. Taylor and Donna Stocks, were injured. Smith had rented the plane as the agent of his employer, defendant J. D. Dawson Company, from defendant Alfa Aviation, Inc., at Pitt-Greenville Airport in Greenville. Smith was attempting to land the plane at Riverside Campground in Belhaven when the crash occurred.

The two insurance policies in effect at the time of the accident had been issued to defendant Alfa Aviation by plaintiff Bellefonte Underwriters Insurance Company, Inc. One was an airport liability policy, required of Alfa Aviation under the terms of its lease from Pitt County-City of Greenville Airport Authority; the other was an aircraft policy covering the plane rented by Smith.

Plaintiff denied liability for all claims arising under both policies. Coverage under the *airport* liability policy was denied because of a specific exclusion stating: "This policy does not apply to any aircraft owned by, hired by, loaned to, or operated for the account of the Insured." Plaintiff maintained that coverage under the *aircraft* policy was specifically excluded by a requirement that a lessee of an aircraft from Alfa Aviation have a current medical certificate meeting Federal Aviation Administration Regulations. The aircraft policy specifically denied coverage "to any occurrence or to any loss or damage occurring while the aircraft is operated in flight by other than the pilot or pilots set forth under Item 7 of the Declaration." Item 7 provides that only pilots holding valid certificates will fly the aircraft and refers to Endorsement 15. Endorsement 15, the Pilot Clause Endorsement, also provides: "Only the following pilot(s) holding valid and effective pilot and medical certificates with ratings as required by the Federal Aviation Administration for the flight involved will operate the aircraft in flight."

During discovery, defendant Smith admitted that the last medical certificate issued to him prior to the accident, pursuant to the FAA Regulations, was a third-class medical certificate issued on 16 October 1975, two years and eight months before the crash. According to the Code of Federal Regulations in effect on 20 June 1978, a third-class medical certificate expired 24 months after the date of examination shown on the certificate. 14 C.F.R. § 61.23(3) (1978). Smith also admitted that, under the terms of his arrangement with Alfa Aviation, he was to pay rental to Alfa Aviation for his use of the aircraft involved in the accident.

When the injured defendants filed negligence suits against defendants Smith and Alfa Aviation, and they in turn sought coverage under the two policies underwritten by plaintiff, plaintiff sought declaratory judgment, contending that plaintiff had no

duty under the policies to indemnify or defend Smith and Alfa Aviation. Defendants also joined in seeking relief by declaratory judgment.

The Declaratory Judgment Act, G.S. 1-253 *et seq.,* affords an appropriate procedure for alleviating uncertainty in the interpretation of written instruments and for clarifying litigation. *Insurance Co. v. Curry,* 28 N.C. App. 286, 221 S.E. 2d 75, *disc. rev. denied,* 289 N.C. 615, 223 S.E. 2d 396 (1976). The Act is applicable to construction of insurance contracts and in determining the extent of coverage under a policy. *Insurance Co. v. Simmons, Inc.,* 258 N.C. 69, 128 S.E. 2d 19 (1962). Thus, the trial court properly undertook to interpret the insurance policies in question.

Summary judgment may be entered upon the motion of either the plaintiff or the defendant under Rule 56 of the North Carolina Rules of Civil Procedure, and the Rule applies in an action for declaratory judgment. *Blades v. City of Raleigh,* 280 N.C. 531, 187 S.E. 2d 35 (1972). When a summary judgment is sought, either party is entitled to a judgment as a matter of law when there is no genuine issue as to any material fact. G.S. 1A-1, Rule 56(c).

In the present case, the existence of and provisions of the insurance policies are admitted, and there is no controversy about the facts. The question at bar is the legal import of those facts, a controversy which presents only a question of law for determination by the court. *Armstrong v. McInnis,* 264 N.C. 616, 142 S.E. 2d 670 (1965). This case is thus a typical one for summary judgment.

Plaintiff contends the trial court erred in denying its motion for summary judgment and in granting summary judgment to the defendants, because express exclusions in both policies bar all coverage for defendants. Plaintiff compares the present case with the facts of *Baker v. Insurance Co.,* 10 N.C. App. 605, 179 S.E. 2d 892 (1971), in which a pilot and owner of an aircraft damaged in an accident sought insurance coverage under a policy which contained a "pilot endorsement" identical to that in the aircraft policy in this case. The pilot in *Baker* did not have an appropriate current medical certificate in effect at the time of the accident and was denied coverage, although this Court found no causal connection between the exclusion limiting coverage and the accident. This Court held:

"Even though plaintiff held a valid *pilot* certificate as referred to in subparagraph (a) of § 61.3 of the Federal Aviation Regulations . . ., by the clear and express prohibition contained in subparagraph (c) of that section, *he could not lawfully act as pilot in command under that certificate,* since at the time of the crash he did not have the appropriate current medical certificate. Under these circumstances it is our opinion, and we so hold, that plaintiff cannot be considered to have been 'properly certificated' at the time of the crash within the meaning of those words as contained in the policy exclusionary endorsement."

*Id.* at 607-08, 179 S.E. 2d at 894.

In support of its *Baker* ruling, this Court cited *Bruce v. Lumbermens Mutual Casualty Company,* 222 F. 2d 642 (4th Cir. 1955), for the proposition that no causal connection is required between the breach of an exclusion limiting coverage and the accident in order for coverage to be denied under the medical certificate requirement. Under the *Baker* rule, which continues to be the law in this State, we must find that plaintiff was not liable under the aircraft policy because the medical certificate requirement clearly was not met by pilot Smith. His medical certificate was not current, having expired eight months before the accident.

Plaintiff also argues that the airport liability policy issued to Alfa Aviation does not provide coverage for this accident because the policy excludes "any aircraft owned by, hired by, loaned to or operated for the account of the Insured." We agree with plaintiff that since the aircraft in question was rented by Alfa Aviation to defendant Smith, it was excluded from coverage by the specific terms of the insurance contract.

We hold that the ruling of the trial court granting summary judgment for defendants is reversed and the ruling denying summary judgment for plaintiff is reversed. The cause is remanded for entry of summary judgment for plaintiff.

Reversed and remanded.

Judges HEDRICK and WHICHARD concur.