**GLOBAL AVIATION INSURANCE MANAGERS, Attorney in Fact for Ideal Mutual Insurance Company, Plaintiff-Appellant,**

v.

**David V. LEES, Defendant-Appellee.**

**No. 84–246.**

Court of Appeals of Iowa.

March 26, 1985.

Thomas C. Farr of Peddicord & Wharton, Des Moines, Iowa, for plaintiff-appellant.

Darrell Isaacson of Laird, Burington, Heiny, McManigal, Walters & Winga, Mason City, Iowa, for defendant-appellee.

Heard by OXBERGER, C.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Plaintiff appeals from an adverse judgment in a declaratory judgment action arising from an airplane accident.

Defendant, David Lees, was the owner of a 1975 Cessna 210 aircraft. On June 26, 1980, he obtained a one-year insurance policy for the airplane from the Shelby Mutual Insurance Company through James Dunn of the insurance agency of Anton, Hammond & Dunn. Shortly before the expiration date of that policy Dunn contacted defendant concerning renewal of his aviation insurance. In response to questioning by Dunn, defendant informed him that the date of his last medical examination and aircraft inspection was April 14, 1980, but that those would be performed in the near future as required by FAA regulations. Dunn stated that he would apply for "all risk" coverage. Thereafter, Dunn completed an application and a pilot questionnaire and forwarded them to the firm of Crump-Babcock Underwriters, Inc.

On June 10, 1981, Crump bound a policy of insurance through plaintiff, Global Aviation Insurance Managers, Inc., attorney-in-fact for Ideal Mutual Insurance Company. Dunn orally notified defendant of the binder which was effective beginning June 26, 1981. Defendant was not informed that failure to obtain a valid medical certificate and aircraft inspection certificate would deny him coverage under the policy.

On July 17, 1981, the aircraft was totally destroyed while defendant was attempting to land it on a grass strip. It was determined that the sole cause of the accident was pilot error in that defendant misjudged distance and speed in attempting to land on a wet runway surface. At the time of the loss defendant did not possess a valid medical certificate or a valid aircraft airworthiness certificate. It is undisputed, however, that neither defendant's physical condition nor the condition of the airplane contributed to the accident in any way.

Defendant received the policy sometime after September 23, 1981, the date it was prepared and executed. The policy contained the following declaration:

7. Pilot Clause: Only the following pilot or pilots holding valid and effective pilot and medical certificates with ratings as required by the Federal Aviation Administration for the flight involved will operate the aircraft in flight.

An endorsement to this item listed defendant as the only authorized pilot. In the section entitled "Exclusions" the policy provided:

This policy does not apply:

\*     \*     \*     \*     \*     \*

2. to any occurrence or to any loss or damage occurring while the aircraft is operated in flight by other than the pilot or pilots set forth under Item 7 of the Declarations;

\*     \*     \*     \*     \*     \*

4. to any Insured:

\*     \*     \*     \*     \*     \*

(b) who operates or permits the operation of the aircraft, while in flight, unless its airworthiness certificate is in full force and effect; ....

The parties have agreed that the same language quoted above would have been contained in the policy had it been issued prior to the loss.

Plaintiff filed the present action seeking a declaration that it is not liable because of defendant's failure to have current certificates as required by the policy. The trial court held that Iowa Code section 515.101 was applicable and ruled in favor of defendant. The trial court also reasoned that defendant was entitled to prevail under the doctrine of reasonable expectations. Plaintiff challenges both conclusions on appeal.

■ Our review of this equitable proceeding is de novo. Iowa R.App.P. 4. We are not bound by the trial court's findings, but we give weight to them especially where they depend upon the credibility of witnesses. Iowa R.App.P. 14(f)(7).

I. *The Statute.* Iowa Code section 515.101 provides:

Any condition or stipulation in an application, policy, or contract of insurance,

making the policy void before the loss occurs, shall not prevent recovery thereon by the insured, if it shall be shown by the plaintiff that the failure to observe such provision or the violation thereof did not contribute to the loss.

The parties agree that the failure to have current airworthiness and medical certificates did not contribute to the loss. However, plaintiff argues that the statute is inapplicable to risks clearly excluded from coverage by the policy.

The same question has arisen in other jurisdictions. In *Omaha Sky Divers Parachute Club, Inc. v. Ranger Insurance Co.*, 189 Neb. 610, 204 N.W.2d 162 (1973), the issue was whether an insurance company was liable for damage to an aircraft under a policy clearly excluding from coverage pilots who did not have medical certificates. At the time of the loss the pilot's medical certificate had lapsed but the failure to have the certificate in no way contributed to the accident. *Id.* at 611–12, 204 N.W.2d at 163. A Nebraska statute provided in part: "The breach of a warranty or condition in any contract or policy of insurance shall not avoid the policy nor avail the insurer to avoid liability, unless such breach shall ... contribute to the loss...." *Id.* at 613, 204 N.W.2d at 164. The Nebraska court held that the statute was inapplicable because the exclusion clause was not a "warranty or condition" within the meaning of the statute. Therefore, the court held the insurer was not liable. *Id.*

The Florida Court of Appeals reached a different result in *Pickett v. Woods*, 404 So.2d 1152 (Fla.Dist.Ct.App.1981). In that case an aviation insurance policy excluded any insured operating an aircraft unless its airworthiness certificate was current. A statute provided: "A breach or violation by the insured of any warranty, condition, or provision of any ... insurance policy ... shall not render void the policy or contract, or constitute a defense to a loss thereon, unless such breach or violation increased the hazard by any means within the control of the insured." *Id.* at 1152–53. In interpreting the statute the court stated:

This statute speaks of breach by the insured of any "warranty, condition, or provision" of the policy. Here we are confronted with what was labeled in the policy as an exclusion. However, we believe that whether a policy warranty, condition, or exclusion is involved is not determinative. The Legislature apparently recognized the difficulty courts and insurance companies have had in distinguishing between these terms and used the word "provision" which would include any material portion of the policy. *Id.* at 1153. The court concluded that the statute was applicable to the exclusion and remanded the case for a determination of whether the failure of the aircraft to be properly certified increased the risk of loss. *Id.*

■ This precise question has not been addressed by the Iowa Supreme Court. We consequently must interpret our statute to determine whether it applies to a policy provision classified as an "exclusion." The principles of statutory interpretation are found in *Beier Glass Co. v. Brundige*, 329 N.W.2d 280, 283 (Iowa 1983). Our aim is to ascertain the intent of the legislature. "We look to the object to be accomplished, the mischief to be remedied, or the purpose to be served, and place on the statute a reasonable or liberal construction which will best effect, rather than defeat, the legislature's purpose." *Id.* A clear intent of the legislature will prevail over the literal meaning of the terms used. *Id.*

The Iowa statute refers to "any condition or stipulation." The word "stipulation" is not a term of art in the law of insurance. The language of our statute is broader then the Nebraska statute interpreted in *Omaha Sky Divers* but not as broad as the Florida statute interpreted in *Pickett*. The language used by our supreme court in discussing the statute is even more inclusive. In *Carr v. Iowa Mutual Tornado Insurance Association*, 242 Iowa 1084, 1090, 49 N.W.2d 498, 501 (1951), the court stated:

It is only where there has been sufficient proof of some act of the insured which would ordinarily abrogate the contract, that § 515.101 has any effect or meaning. Then the insured may show that his action, although technically a violation of *some provision* of the policy, did not in fact contribute to the damage. (emphasis added).

In an earlier case discussing the predecessor to 515.101, the court observed:

Section 1743 has relation to cases where there is a *provision* in the policy prohibiting the act complained of.... The burden comes to the plaintiff only when he has violated *some term* of the policy. (emphasis added).

*Kinney v. Farmers' Mutual Fire & Insurance Society,* 159 Iowa 490, 497, 141 N.W. 706, 708 (1913).

We find that the intent of the legislature was to protect insureds by preventing insurers from denying coverage based upon a technical violation of a policy provision which did not contribute to the loss. The legislative purpose is best served by interpreting section 515.101 to apply to all provisions contained in a policy of insurance, however labeled by the insurer, the effect of which is to avoid coverage. A contrary holding would allow an insurer to circumvent the statute by inserting any condition in the policy and calling it an "exclusion."

The policy provisions at issue in this case conditioned coverage upon valid pilot medical and aircraft airworthiness certificates. Plaintiff does not dispute that it would be liable if those certificates had been current at the time of the loss. However, plaintiff argues that since the certificates had lapsed three months prior to the loss it can avoid liability even though the loss would still have occurred had the certificates been valid. This is precisely the kind of technical "stipulation" the statute addresses. Our holding does not force insurers to assume risks which they wish to exclude, but merely prevents them from denying coverage due to a risk which in no way contributes to the loss.

Since we hold section 515.101 applicable to this case and it is undisputed that the violation of the policy by defendant did not contribute to the loss, plaintiff is liable under the policy.

II. *Reasonable Expectations.* Our holding in division I makes it unnecessary for us to consider this argument in detail; however, we are supportive of the trial court's application of the doctrine of reasonable expectations in this case.

AFFIRMED.