UNITED STATES AVIATION UNDERWRITERS, INC. *vs.* CASH AIR, INC., & another;[1] KATHERINE J. TULLY & others, interveners.[2]

Suffolk. February 6, 1991 - April 3, 1991.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Insurance*, Aircraft, Coverage. *Aircraft*, Insurance.

Under policies of aircraft insurance issued to the owner of an airplane and the employer of the airplane's pilot, providing bodily injury and property damage coverage, the pilot experience requirements set forth in the policies were conditions precedent to the existence of coverage sought by the insureds upon the crash of the airplane, and the insurer was entitled, as a matter of public policy, to rely on a policy provision that unabiguously made coverage dependent on the pilot of the airplane meeting particular experience standards, irrespective of whether the loss was caused by the breach of that policy condition. [695-698]

CIVIL ACTION commenced in the Superior Court Department on October 19, 1987.

The case was heard by *Robert A. Mulligan*, J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Leonard Glazer* (*Frank E. Glazer* with him) for the interveners.

*Cynthia J. Cohen* (*Michael B. Bogdanow* with her) for the plaintiff.

WILKINS, J. On June 26, 1987, a Piper Seneca airplane crashed in the Dorchester section of Boston causing personal

---

[1]Ren Crete.

[2]The other interveners are Kathleen J. Tully, Patrick Corbett, and Mary P. Corbett. Only the interveners have appealed from the summary judgment entered for the plaintiff.

injuries and property damage. The plaintiff insurer (USAU) had issued aircraft insurance policies to the defendant Crete, the owner of the airplane, and to the defendant Cash Air, Inc., the employer of the airplane's pilot, providing bodily injury and property damage coverage.

About four months later, USAU commenced this action against its two insureds seeking a declaration that coverage was not available for injuries or damage caused by the plane crash. One theory that USAU advanced was that Peter Covich, the pilot of the aircraft, did not meet the pilot experience requirements set forth in the policies. Various persons and the city of Boston were permitted to intervene in the case. A judge of the Superior Court allowed USAU's motion for summary judgment and directed that judgment be entered declaring that neither USAU policy provided coverage for property damage or personal injury arising out of the crash of the Piper Seneca.

It is uncontested on the record that Covich did not have the experience as a pilot that was stated in the pilot experience clauses of the policies. The questions for the judge were (1) whether the policy requirements concerning pilot experience were conditions precedent to coverage and (2), if they were, whether USAU could avoid liability under its policies without any showing that Covich's failure to meet the pilot experience requirements was a cause of the injuries and damage resulting from the crash. The judge answered each question affirmatively, that is, denying coverage. We transferred the interveners' appeal here on our own motion. We affirm the judgment.

The introduction of each policy states that to be covered under the policy, the aircraft must be "flown only by a pilot or pilots described on the Coverage Summary page." Each policy coverage page either stated or incorporated language that stated that a pilot not named in the policy must be one who holds "an FAA commercial pilot certificate with FAA multi-engine and instrument ratings who has flown a minimum of [2,000] [2,500] hours as pilot in command, at least 1,000 hours of which shall have been in multi-engine aircraft

and at least 25 hours of which shall have been in [Piper Seneca PA-34] [Piper PA 31-350] aircraft."[3]

There have been numerous cases across the country concerning the consequences of the failure of a pilot of a crashed airplane to have met pilot experience requirements stated in an insurance policy issued to cover the airplane or the pilot. The contest has not often been focused on the question whether the insurance policy by its terms excludes coverage. The great weight of authority, and the only well reasoned authority, holds that pilot experience clauses like those involved in this case unambiguously undertake to deny coverage. See, e.g., *Security Ins. Co. of Hartford* v. *Andersen,* 158 Ariz. 426, 428-429 (1988); *United States Aviation Underwriters* v. *Van Houtin,* 453 So. 2d 475, 478 (Fla. Dist. Ct. App. 1984) ("[t]he provisions of this policy may appear complicated, but complexity should not be confused with ambiguity"); *Eastern Aviation & Marine Underwriters, Inc.* v. *Gilbertson,* 379 N.W.2d 567, 570 (Minn. Ct. App. 1985); *U.S. Fire Ins. Co.* v. *Producciones Padosa, Inc.,* 835 F.2d 950, 954 (1st Cir. 1987) (Puerto Rico law); *Ideal Mut. Ins. Co.* v. *Last Days Evangelical Ass'n, Inc.,* 783 F.2d 1234, 1238 (5th Cir. 1986) (Texas law). Cf. *Western Food Prods. Co.* v. *U.S. Fire Ins. Co.,* 10 Kan. App. 2d 375, 378 (1985) (pilot lacked current medical certificate required by policy; no coverage); *Edmonds* v. *United States,* 642 F.2d 877, 881, 883 (1st Cir. 1981) (Massachusetts law) (pilot lacked biennial flight review unambiguously required by policy; requirement was condition precedent because of its "reasonable bearing on the extent of the risk assumed by the insurer"). Contra *Avemco Ins. Co.* v. *Chung,* 388 F. Supp. 142, 149, 151 (D. Haw. 1975) (Hawaiian law) (pilot lacked required medical insurance certificate; coverage). We follow the majority view and agree with the motion judge that the USAU policy requirements concerning pilot experience were in-

---

[3]The quoted language appearing first in brackets is from the USAU policy issued to the defendant Crete. The language bracketed second is from the USAU policy issued to the defendant Cash Air.

tended to be conditions precedent to the existence of coverage.

There is, however, some divergence of view among the several courts that have dealt with the question whether, as a matter of public policy, an insurer should be allowed to rely on an explicit provision of its insurance policy that denies coverage, like a pilot qualification clause, when the loss was not caused by a breach of that policy condition. The majority view is that the insurer is entitled to rely on a policy provision that unambiguously makes coverage dependent on the pilot of the aircraft meeting particular experience standards. See Annot., Aviation Insurance: Causal Link Between Breach of Policy Provisions and Accident as Requisite to Avoid Insurer's Liability, 48 A.L.R.4th 778, 801-806 (1986 & Supp. 1990), and *Security Ins. Co.* v. *Andersen*, 158 Ariz. 431, 439 (Ariz. Ct. App. 1986), rev'd in part, 158 Ariz. 426 (1988), where the cases on each side are collected.

We align ourselves with the majority position in a case such as this where the condition imposed, pilot experience qualifications, is significant as to the willingness of an insurer to underwrite the risk and defines the exposure to risk that the insurer is willing to assume for the premium charged. In such a case, the condition has the worthwhile effect of pressuring an insured, at its peril, to be certain that aircraft are flown by experienced and qualified pilots. The judgment to be made is a public policy one, whether the law will refuse, on grounds of fairness, to permit an insurance company to rely on unambiguous language in a policy of insurance to deny coverage. This case is unlike cases in which a failure seasonably to notify an insurer of a loss did not prejudice the insurer and, for policy reasons, we have refused to let an insurer deny coverage of the loss. See *Johnson Controls, Inc.* v. *Bowes*, 381 Mass. 278, 280-281 (1980). In cases like this one, the explicit condition precedent of pilot experience serves a worthwhile purpose, and it is irrelevant whether the

breach caused the loss for which a claim is made under the policy.

*Judgment affirmed.*