**ECONOMIC AERO CLUB, INC.,**
**Plaintiff and Appellant,**

v.

**AVEMCO INSURANCE COMPANY,**
**Defendant and Appellee.**

**No. 19060.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 17, 1995.

Decided Nov. 21, 1995.

Carl J. Koch, Mitchell, for plaintiff and appellant.

Thomas H. Harmon of Tieszen Law Office, Pierre, for defendant and appellee.

KONENKAMP, Justice.

An aircraft insurance policy excluded coverage while insured pilots possessed no valid medical certificate. Although the lack of such certificate was unrelated to the cause of a crash, the circuit court upheld the exclusion, granting summary judgment for the insurer. The insured appeals and we affirm.

### Facts

Economic Aero Club brought an action against Avemco Insurance Company to recover for the loss of the Club's aircraft. In cross-motions for summary judgment the parties submitted the matter on stipulated facts. The Club is a non-profit corporation, based in Mitchell, South Dakota. Avemco's policy insured the Club's Cessna 177 aircraft at the time of the loss. On November 25, 1990, the aircraft was destroyed in a crash while piloted by Paul Iburg, a member of the Club. No one was personally injured. Iburg held a current private pilot's license issued by the Federal Aviation Administration (FAA). He was current in all required flight reviews, check flights and other flying currency prerequisites. FAA regulations obligate all pilots to hold a current medical certificate, verifying their good health. Iburg's medical certificate had expired on July 18, 1990. He renewed it four days after the crash on November 29, 1990. The cause of the accident was pilot error, a covered occurrence under the policy. Nonetheless, Avemco's policy excludes coverage while a pilot operating an insured aircraft holds no current, valid medical certificate. Iburg was medically fit and his lack of such certificate was not the cause of the crash. The trial court granted Avemco's motion for summary judgment and this appeal ensued, raising the following issue:

> Whether an aviation insurance policy may legally exclude coverage while the aircraft is being flown by a pilot who does not hold a valid, current medical certificate, even if the loss was unrelated to the pilot's medical condition.

In reviewing summary judgments we decide only whether a genuine issue of material fact existed and whether the law was correctly applied. If there exists any basis to support the trial court's ruling, affir-

mance of a summary judgment is proper. *Garrett v. BankWest, Inc.,* 459 N.W.2d 833, 837 (S.D.1990); *Pickering v. Pickering,* 434 N.W.2d 758, 760 (S.D.1989). The parties stipulated to the facts and thus our review is limited to determining whether the trial court correctly applied the law. Construction of an insurance contract is a question of law, reviewable de novo. *State Farm Mutual Auto. Ins. Co. v. Vostad,* 520 N.W.2d 273, 275 (S.D.1994).

In *American Family Mutual Ins. v. Elliot,* 523 N.W.2d 100 (S.D.1994), we set out the rules for construing insurance contracts:

> An insurance policy is ambiguous when it "is fairly susceptible to two constructions." Ambiguity in an insurance policy is determined with reference to the policy as a whole and the plain meaning and effect of its words. If the language of the policy is ambiguous, the policy should be construed liberally in favor of the insured and strictly against the insurer. *If the policy is unambiguous, however, its terms are to be construed according to their plain and ordinary meaning. The terms of an unambiguous insurance policy cannot be enlarged or diminished by judicial construction.*

*Id.* at 102 (citations omitted) (emphasis added). Avemco's policy provides in relevant part:

EXCLUSIONS APPLYING TO ALL COVERAGES

This policy does not cover bodily injury, property damage or loss: (1) When your insured aircraft is ... (e) operated in flight by a pilot who is not approved in Item 6 of the Data Page.

Item 6 of the Data Page states:

6. Approved Pilot(s): This Policy applies when your insured aircraft is in flight, only while being operated by one of the following pilots who holds a currently effective Pilot Certificate ... issued by the Federal Aviation Administration.

A. ANY FLYING CLUB MEMBER WHO MEETS ALL OF THE FOLLOWING REQUIREMENTS:

1. HAS A CURRENT AND EFFECTIVE MEDICAL CERTIFICATE (UNLESS A PRE–SOLO STUDENT PILOT)....

This unambiguous language plainly excludes coverage. Moreover, the Club completed a NOTICE OF EXPIRATION AND RENEWAL APPLICATION on September 11, 1990, less than two months before the accident. The renewal application is four pages in length and mentions several times that to be approved for coverage, pilots must be medically certified.

■ The Club urges us to adopt the "modern" view which holds such exclusions ineffective absent a causal connection between the exclusion and the actual loss. See, e.g., *Bayers v. Omni Aviation Managers, Inc.,* 510 F.Supp. 1204 (D.Mont.1981); *Global Aviation Ins. Managers v. Lees,* 368 N.W.2d 209 (Iowa App. 1985); *South Carolina Ins. Co. v. Collins,* 269 S.C. 282, 237 S.E.2d 358 (1977); *Puckett v. U.S. Fire Ins. Co.,* 678 S.W.2d 936 (Tex.1984). These authorities form the minority position.

A majority of jurisdictions uphold such exclusions even when the loss is unrelated to a pilot's failure to have a current medical certificate. *See, e.g., Security Ins. Co. v. Andersen,* 158 Ariz. 426, 763 P.2d 246 (1988); *Glades Flying Club v. Americas Aviation & Marine Ins. Co.,* 235 So.2d 18 (Fla.Dist.Ct. App.1970); *Grigsby v. Houston Fire & Casualty Ins. Co.,* 113 Ga.App. 572, 148 S.E.2d 925 (1966); *United States Aviation Underwriters, Inc. v. Cash Air, Inc.,* 409 Mass. 694, 568 N.E.2d 1150 (1991); *Omaha Sky Divers Parachute Club, Inc. v. Ranger Ins. Co.,* 189 Neb. 610, 204 N.W.2d 162 (1973); *Baker v. Insurance Co. of North America,* 10 N.C.App. 605, 179 S.E.2d 892 (1971). *See also,* Noralyn O. Harlow, *Aviation Insurance: Causal Link Between Breach of Policy Provisions and Accident as Requisite to Avoid Insurer's Liability,* 48 ALR4th 778, 783 (1986).

Some states have enacted so-called anti-technicality statutes which forbid denial of coverage in these circumstances. *See, e.g., Global Aviation Ins. Managers,* 368 N.W.2d at 212 (statute prohibits avoidance of coverage based on excluded use, not causally linked to the loss). In the absence of a controlling statute, those courts which have imposed a causation requirement, even when the exclusion language requires none, have done so on the basis that public policy bars hypertechnical insurance contracts which impose conditions precedent to coverage, unrelated to the loss. *Puckett v. U.S. Fire Ins. Co.,* 678 S.W.2d at 938. While we have not previously addressed this particular question, we have noted:

> Warranties normally suspend coverage during the existence of a described condition, and recovery will be denied in the absence of a contrary statute whether or not the condition actually contributed to the loss.

*Ranger Ins. Co. v. Macy,* 88 S.D. 674, 227 N.W.2d 426, 429 (1975)(footnote omitted). This exclusion is no mere formulation to be invoked as an excuse to deny coverage. In fact, it "encourages owners and operators of aircraft to obey and satisfy safety regulations applicable to their operation of aircraft." *Security Ins. Co. v. Andersen,* 763 P.2d at 250. We conclude, therefore, any shift in the method for construing aviation insurance contracts would be better left to legislation.

The exclusionary provision of the insurance contract is unambiguous and we refuse to alter this plain language to forestall its effect. Therefore, like the majority of jurisdictions, we must conclude that a causal connection between the accident causing the loss and the purpose of an exclusionary clause need not be proven before coverage can be denied by the aircraft insurer on the basis of the exclusion. *Western Food Products Co., Inc. v. United States Fire Ins. Co.,* 10 Kan.App.2d 375, 699 P.2d 579, 584 (1985). The Club's remaining arguments lack sufficient merit for discussion.

Summary judgment for Avemco is affirmed.

MILLER, C.J., and SABERS, AMUNDSON and GILBERTSON, JJ., concur.